### JAS. H. HUBER *v.* AMANDA ARMSTRONG ET AL.

**Guardian and Ward—Supplemental Proceeding—Parties.**

> In a supplemental proceeding by a guardian to validate a sale of the vendor's property, the purchaser should be made a party.

**Judgment—Confirmation—Supplemental Proceeding.**

> In a supplemental proceeding by a guardian to validate a judgment and sale, the court has full power, upon proof sufficient to satisfy the court of the truth of the allegation of the supplemental petition, to render a decree confirming the original judgment and sale.

**Judicial Sales—Enetry of Record—Supplemental Proceeding.**

> In a supplemental proceeding by a guardian to validate a judgment and sale, it is not necessary to have the judgment entered of record before issuing a rule against the defendant to show cause why he should not complete the purchase.

APPEAL FROM BULLITT CIRCUIT COURT.

October 28, 1873.

OPINION BY JUDGE LINDSAY:

The circuit court was directed upon the return of this cause to "require the guardian by supplemental proceedings, to take all necessary and proper steps to render valid and binding the decree and the sale made under and in pursuance of the same," and when this was done to compel Huber to complete his purchase by paying the balance due on his bid at the decretal sale. To do this it was necessary for the guardian to file an amended or supplemental petition making the infants parties, either as plaintiffs or defendants, and reciting the facts attending the first proceedings, judgment and sale, and averring that the sale as made was beneficial, and had redounded to the interest of the infants. It was necessary, also to make Huber, the purchaser,

a party to this supplemental proceeding. Acts of Sept. 30, 1861, and March 1, 1862, Myers Supp., pp. 424 and 425. All this having been done, it was only essential, under these statutes, to take proof to satisfy the court of the truth of the allegations of the supplemental petition. Upon such proof the court had full and complete power to render the decree confirming the original judgment and sale; and it was not necessary to begin de novo and follow literally the provisions of Chap. 86, Rev. Stat., with regard to the appointment of commissioners to report as to net value and annual profits of the infants' real and personal estate, and as to the interest of the infants in having the sale made.

This case is not an exception to the general rule. It does not matter whether the original judgment of sale was or not void. If it be admitted that it was, it is still within the language of the act of March 1, 1862. The error of the circuit judge in failing to enter the orders calling the special terms of his court, were such as vitiated his judgment, and such being the case the guardian had the right to institute the supplemental proceedings to have it rendered valid and binding, and the sale upheld and enforced. It appears to have been submitted without objection, and no motion to set aside the hearing or judgment was made in the court below.

It was not necessary for the judgment to be entered of record before issuing the rule against appellant to show cause why he should not complete his purchase.

Appellant was properly required to pay the accrued interest. He did not tender the money in court, and enjoyed the use both of the land and the unpaid purchase price.

Judgment affirmed.

*A. H. Field, Bullock & Anderson, for appellant.*

*W. J. McConathy, I. & J. Caldwell, for appellees.*